7:00 PM

FILED
CLERK, U.S. DISTRICT COURT

MAR 31 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

CONFORMED COPY

1  KENNETH G. PARKER (SBN 182911)
     kenneth.parker@haynesboone.com
2  ROBIN H. ROUNAGHI (SBN 171251)
     robin.rounaghi@haynesboone.com
3  HAYNES AND BOONE, LLP
   18100 Von Karman Avenue, Suite 750
4  Irvine, California 92612
   Telephone:  (949) 202-3014
5  Facsimile:   (949) 202-3114

6  THOMAS F.A. HETHERINGTON*
     tom.hetherington@emhllp.com
7  COURTNEY L. SCANTLIN
     courntey.scantline@emhllp.com
8  JARRETT E. GANER*
     jarrett.ganer@emhllp.com
9  EDISON, MCDOWELL & HETHERINGTON LLP
   3200 Southwest Freeway, Suite 2920
10 Houston, Texas 77027
   Telephone:  (713) 337-5580
11 Facsimile:   (713) 337-8850

12 Attorneys for
   PHL VARIABLE INSURANCE CO.
13 *Pro hac vice to be filed

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16 PHL VARIABLE INSURANCE CO.,      | Case No.
17            Plaintiff,            | CV10 2370   GAF   PLAx
18            v.                    |
19 KRISTIAN GIORDANO; and THE       | PLAINTIFF PHL VARIABLE
   BRITT-MARIE JOHNSON FAMILY       | INSURANCE COMPANY'S
20 INSURANCE TRUST, by and through  | ORIGINAL COMPLAINT
   its trustee, KASRA SADR, and DOES
21 1–10,
22            Defendants.

23
24
25
26
27
28
                              1
                          COMPLAINT

1    PHL Variable Insurance Company, by and through it attorneys, files this
2  Original Complaint against Kristian Giordano and The Britt-Marie Johnson Family
3  Insurance Trust by and through its Trustee, Kasra Sadr as follows:

4                          I.    **INTRODUCTION**

5       1.    This is an action for declaratory judgment under 29 U.S.C. § 2201,
6  fraud, conspiracy, negligent misrepresentation, and breach of contract stemming
7  from the fraudulent procurement of a four million dollar insurance policy on the life
8  of Britt-Marie Johnson ("Ms. Johnson") (the "Policy").

9       2.    In recent years, a derivative market for life insurance has developed in
10 which existing life insurance policies are sold to third parties who lack an insurable
11 interest in the life of the insured.  Typically referred to as a "life settlement" or
12 "senior settlement," these sales are generally lawful, assuming that the policy was
13 procured for legitimate purposes and that there was an insurable interest at the
14 policy's inception.

15      3.    As this derivative market has developed; however, there has been a
16 proliferation of life insurance policies that are not sought for legitimate insurance
17 needs but rather for re-sale to strangers in the secondary market.  Policies procured
18 under these circumstances have become known as stranger originated life insurance
19 ("STOLI") policies.  STOLI policies are illegal wagering contracts that lack an
20 insurable interest at inception. As such, STOLI policies are void *ab initio*.

21      4.    In  many  cases,  STOLI  policies  are  initiated  with  fraudulent
22 representations in the insurance application.  Insurers, in an effort to prevent issuing
23 STOLI policies, require insurance applicants and insurance agents to respond to
24 specific questions during the application process regarding the purpose of the
25 insurance sought.  STOLI promoters will falsely answer these questions in order to
26 obtain the insurance sought.  Additionally, in order to maximize their profit, STOLI

27

28

COMPLAINT

1   promoters frequently provide insurers with false information regarding an insured's
2   financial status to obtain a policy with a larger face amount.  In some cases, insureds
3   are unaware of the misrepresentations made on the application and during the
4   application process.

5       5.       STOLI schemes have become so prevalent that they have been the
6   subject of consumer fraud alerts issued by numerous state insurance departments,
7   including the California Department of Insurance.[1]

8       6.       In furtherance of a STOLI scheme, insurance producer Kristian
9   Giordano ("Giordano") procured the Policy from Phoenix.  In doing so, Giordano
10  made numerous fraudulent misrepresentations relating to Ms. Johnson's bona fide
11  insurance need for the Policy, the purpose of the Policy, the funding source of the
12  Policy, and the intent for investors to obtain an interest in the Policy.

13      7.       Phoenix brings this action for rescission of the Policy and an order
14  declaring the Policy void *ab initio*, and seeks money damages against the
15  Defendants.

16                          **II.    PARTIES**

17      8.       Plaintiff, PHL Variable Life insurance Company ("Phoenix") is a
18  corporation organized under the laws of the State of Connecticut and maintains its
19  principle place of business in the State of Connecticut.  Phoenix's headquarters is
20  located at One American Row, Hartford, Connecticut 06102-5056.  Phoenix's high
21  level officers direct, control, and coordinate the corporation's activities from
22  Hartford, Connecticut.  As such, Phoenix is a citizen of Connecticut within the

23
24
25  [1] Cal. Dep't of Ins., Seniors: Senior Advisory on STOLI or SPINLIFE Life
    Insurance Schemes, *available at* http://www.insurance.ca.gov/0150-
26  seniors/0100alerts/strangerownedlifeins.cfm; http://www.insurance.ca.gov/0150-
    seniors/0100alerts/upload/SA0108Stoli2.pdf.
27
28                                  3

1  meaning and intent of 28 U.S.C. § 1332.  Phoenix is authorized to transact the

2  business of insurance in California.

3      9.    Defendant, The Britt-Marie Johnson Family Insurance Trust (the

4  "Trust"), is a trust organized under the laws of California and is a citizen of

5  California within the meaning and intent of 28 U.S.C. § 1332.  The Trust may be

6  served through its Trustee, Kasra Sadr ("Trustee"), at 401 West A Street Suite

7  #1815, San Diego, California, 92101.  Upon information and belief, Trustee Sadr is

8  the Trust's sole trustee and is a citizen of California.

9      10.    Defendant, Kristian Giordano, is a California resident and citizen.

10  Upon information and belief, he may be served at 40801 Carlena Lane, Temecula,

11  California, 92591-2127.

12      11.    The true names and capacities, whether individual, corporate, associate

13  or otherwise, of Defendants Does 1-10, inclusive, are unknown to Phoenix at this

14  time, who therefore sue said Defendants by such fictitious names, and when the true

15  names and capacities of said Defendants are ascertained, Phoenix will seek leave

16  from the Court to amend this Complaint accordingly. Phoenix is informed and

17  believes and therefore alleges that each of the Defendants designated herein as a Doe

18  is responsible in some manner for the events and happenings herein referred to, and

19  caused damages to Phoenix proximately thereby as herein alleged.

20              III.    **JURISDICTION AND VENUE**

21      12.    This Court has jurisdiction over all parties of this lawsuit under 28

22  U.S.C. § 1332(a)(1) because Phoenix and Defendants are citizens of different states,

23  and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest

24  and costs.  Defendants are subject to the personal jurisdiction of this Court.

25      13.    This Court has jurisdiction for the declaratory judgment action pursuant

26  to Fed. R. Civ. P. 57 and 28 U.S.C. §§2201 and 2202, that grant the United States

27

28

1  District Courts jurisdiction to declare the "rights and other legal relations of any
2  interested party making such declaration, whether or not further relief is or could be
3  sought."

4       14.    Venue is proper for this action pursuant to 28 U.S.C. § 1391, since
5  Giordano is a citizen of California, the Trust is a citizen of California, its Trustee is
6  located in California, and the insurance policy at issue is governed by California
7  law.

8                 **IV.   FACTUAL BACKGROUND**

9       15.    Phoenix is, and during all relevant times has been, in the business of
10 underwriting and issuing policies of life insurance and is authorized to transact the
11 business of insurance in the State of California.

12      16.    Giordano is an independent life insurance producer.  As such, he
13 solicits applications for life insurance policies on behalf of numerous insurance
14 carriers. Giordano is neither an employee nor a career agent of Phoenix.

15      17.    Giordano entered into an Independent Producer Contract with Phoenix
16 (the "Producer Contract").  The Producer Contract sets out the terms of Giordano's
17 relationship with Phoenix as an Independent Producer.  Among other terms, the
18 Producer Contract requires that Giordano provide complete and accurate answers on
19 all insurance applications and associated forms and that Giordano provide Phoenix
20 with all information necessary to underwrite applications solicited by Giordano.
21 Further, the Producer Contract requires that a Producer not accept any payment
22 unless the insurance applicant is, at the time of delivery, in good health and in
23 insurable condition as originally represented.

24      18.    Upon information and belief, Ms. Johnson, a resident of Utah, was
25 approached by a family member regarding the opportunity to obtain free life
26 insurance on her life.  This family member placed Ms. Johnson in contact with
27
28

COMPLAINT

1   Giordano.  Once introduced, Giordano offered Ms. Johnson the opportunity to obtain
2   free life insurance.  Further, Giordano represented to Ms. Johnson that she would
3   never have to pay the premiums on the policy and that she would receive a payment
4   from the policy after two years.  Upon Ms. Johnson's acceptance, Giordano then
5   caused the Trust to be established with the intent that the Trust would own the
6   Policy on behalf of STOLI investors.

7          19.     Upon information and belief, the Trust, by and through its Trustee, then
8   submitted a written application to Phoenix seeking the issuance of an insurance
9   policy, insuring the life of Ms. Johnson (the "Application").  As part of the
10  underwriting process, along with the Application, the Trust, by and through its
11  Trustee, also submitted a Statement of Client Intent form (the "SOCI"), which
12  misrepresented Ms. Johnson's bona fide need for the insurance policy and the means
13  by which the policy would be funded.

14         20.     The Application and SOCI requested material information regarding,
15  among other things, the purpose of the insurance, the source of funding for the
16  insurance premiums, and any intent or understanding that a third-party would obtain
17  an interest in the policy.  In response to these questions, the Application and SOCI
18  represented that the insurance was sought for estate planning purposes; that
19  premiums would not be financed, that no individual or entity other than Ms. Johnson
20  would pay the premiums; and that there was no understanding that the policy would
21  be sold to a third-party.2   As discussed more fully below, each of these
22  representations was false and was material to Phoenix's acceptance of the risk
23  assumed.

24
25
26  ───────────────
         2 Specifically, questions 1 and 9 in Section XI of the Application and
27  questions 1, 2, 3, 4, 7 and 8 on the Statement of Client Intent form were answered
    incorrectly.
28

21.    In submitting the Application and SOCI to Phoenix, Ms. Johnson, Giordano and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application and SOCI. Ms. Johnson, Giordano and the Trust also knew that Phoenix would rely upon the answers recorded on the Application and SOCI in determining whether Ms. Johnson was insurable and qualified for the insurance sought through the Application.

22.    The Application contained the following affirmations:

I have reviewed this application and the statements made herein and those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete and true to the best knowledge and belief of the undersigned and have been correctly recorded.

* * *

The Producer hereby confirms he/she has truly and accurately recorded on the application the information supplied by the Proposed Insured . . .

Ms. Johnson, Giordano and the Trust, through its Trustee, executed the Application on February 7, 2008.

23.    The SOCI contained the following affirmations:

As a matter of public policy and to protect the interests of our existing policyholders, our shareholders and our industry, Phoenix will not knowingly participate in sales programs or strategies, including premium financing arrangements, designed primarily to facilitate the eventual sale or transfer of the policy to investors. The purpose of this form is to provide Phoenix with the information it needs to implement that policy. Any misstatement or concealment will be treated as a

7

material misrepresentation for which Phoenix may seek any and all sanctions available to it.

***

By signing below, the undersigned declare and certify that the information contained in the Statement of Client Intent is true, correct and complete to the best of their knowledge, information and belief. The undersigned further declare that each of them understand, acknowledge and agree that Phoenix is relying on the information contained in this Statement of Client Intent in making its determination to issue the policy applied for and that the statements contained herein shall continue to be true, correct and complete as of the time of issuance and delivery of the policy. . .

Ms. Johnson, Giordano and the Trust, through its Trustee, executed the SOCI on February 7, 2008.

24.     Based upon the statements and representations on the Application and SOCI, Phoenix issued life insurance policy number 97527973 to the Trust, with an effective date of March 31, 2008.  The Policy's death benefit is $4,000,000.

25.     Upon information and belief, Giordano was aware Ms. Johnson would not be the funding source for the premiums but falsely represented that Ms. Johnson would be the sole premium source on the SOCI in order to obtain the Policy.

26.     Upon information and belief, neither Ms. Johnson nor any party with an insurable interest in her life funded the payment of premiums on the Policy.

27.     Had Giordano and the Trust provided accurate responses on the Application and SOCI, Phoenix would not have issued the Policy or would have done so on materially different terms.  As a result of the Policy's issuance, Phoenix

8

1    has suffered damages, including but not limited to commissions Phoenix paid to

2    Giordano that it would not have paid, but for the sale.

3         28.    Phoenix brings this action seeking rescission of the Policy, and an order

4    declaring the Policy void *ab* initio.

5         29.    Further, Phoenix is also entitled to an award of punitive damages based

6    on the wanton, malicious, deliberate and/or grossly negligent conduct of Giordano as

7    described herein.

## V.    CAUSES OF ACTION

### COUNT I:  DECLARATORY JUDGMENT:

### RESCISSION DUE TO MATERIAL MISREPRESENTATION

### (As to the Trust)

12        30.    Phoenix incorporates herein by reference each of its allegations

13   contained in Paragraphs 1–29 above.

14        31.    Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201,

15   Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded ab

16   initio due to the fraudulent and/or material misrepresentations and omissions made

17   on the Application and SOCI, and that as a result of said rescission, Phoenix may

18   deposit with the Clerk of the Court all premiums paid on the Policy along with

19   required interest, if any, pending further dispensation by the Court.

20        32.    Phoenix seeks a declaratory judgment that, pursuant to Section 483(c)

21   of the California Insurance Code, the Trust is not entitled to a return of the Policy

22   premiums due to actual fraud.  Alternatively, Phoenix seeks a declaratory judgment

23   that Phoenix be allowed to offset from the Policy premiums an amount equal to the

24   commissions paid to Giordano or additional sales representatives arising out of or

25   relating to the sale of the Policy, other costs associated with the Policy, as well as its

26   attorneys' fees and expenses.

27

28

COMPLAINT

1     33.    Phoenix also seeks its fees pursuant to the Federal Declaratory

2  Judgment Statute.

3     34.    To the extent required by law, Phoenix fully and unconditionally

4  tenders the Policy's premiums to the Court's registry.

## COUNT II: DECLARATORY JUDGMENT:

## RESCISSION – LACK OF INSURABLE INTEREST

### (As to the Trust)

35.    Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–34 above.

36.    Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded ab initio due to the lack of insurable interest. The Policy was purchased with the intent to benefit a third party, which lacked the requisite insurable interest in Britt-Marie Johnson's life at the time of issuance. The Policy's issuance violates the letter and spirit of California and Utah law on insurable interest and is inconsistent with both states' public policy of prohibiting the wagering on the lives of others. The application for and the purported ownership of the Policy by the Trust is merely a sham transaction intended to circumvent and violate applicable insurable interest laws and public policy. The Policy is, therefore, void ab initio and is of no force and effect from its inception.

37.    Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded ab initio due to the lack of insurable interest and that as a result of said rescission, Phoenix may deposit with the clerk of the Court all premiums paid on the Policy along with required interest, if any, pending further dispensation by the Court.

38.     Phoenix seeks a declaratory judgment that, pursuant to Section 483(c) of the California Insurance Code, the Trust is not entitled to a return of the Policy premiums due to actual fraud.  Alternatively, Phoenix seeks a declaratory judgment that Phoenix be allowed to offset from the Policy premiums an amount equal to the commissions paid to Giordano or other sales representatives arising out of or relating to the sale of the Policy, other costs associated with the Policy, as well as its attorneys' fees and expenses.

39.     Phoenix also seeks its fees pursuant to the Federal Declaratory Judgment Statute.

40.     To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

## COUNT III: FRAUD

### (As to all Defendants, including Does 1–10)

41.     Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–40 above.

42.     The Trust and Giordano procured the Policy for the purpose of selling it in the secondary market.  As stated above, upon information and belief, Giordano and the Trustee made fraudulent misrepresentations regarding, among other things, the true purpose of the Policy and the true source from which the Policy's premiums would be paid.   Giordano and the Trust intended that Phoenix rely on these misrepresentations in issuing the Policy.

43.     Each fraudulent misrepresentation was material to Phoenix's decision to issue the Policy and Phoenix justifiably relied on these fraudulent misrepresentations in issuing the Policy.  Indeed, Phoenix would not have issued the Policy had it known the true facts surrounding it.

11

COMPLAINT

1       44.    Phoenix has incurred substantial damages as a result of the wrongful

2   conduct of Giordano and the Trustee, including, but not limited to, costs and

3   expenses associated with the issuance of the Policy.

4       45.    Phoenix is also entitled to an award of punitive damages based on the

5   wanton, malicious, deliberate and/or grossly negligent conduct of Giordano and the

6   Trustee as described herein.

7   **COUNT IV: CIVIL CONSPIRACY**

8   **(As to all Defendants, including Does 1–10)**

9       46.    Phoenix incorporates herein by reference each of its allegations

10  contained in Paragraphs 1–45 above.

11      47.    Defendants and others, including Does 1–10, conspired and agreed to

12  commit fraud to induce Phoenix to issue the Policy by, among other things,

13  participating in, facilitating and/or directing the: (i) solicitation of Ms. Johnson's

14  participation in a STOLI arrangement; (ii) submission of the Application for the

15  Policy to Phoenix, which Defendants knew lacked an insurable interest; (iii)

16  establishment of the Trust to conceal the absence of an insurable interest in

17  connection with the Policy; (iv) concealment from Phoenix that there was a lack of

18  insurable interest at the inception of the Policy; and (v) falsifying representations

19  concerning the source from which the Policy's premiums would be paid.

20      48.    In furtherance of their collaborative and conspiratorial agreement to

21  commit a fraud against Phoenix, Defendants knowingly and purposefully concealed

22  the lack of any insurable interest in connection with the procurement of the Policy

23  and knowingly and purposefully placed false information on the Application for the

24  Policy and the SOCI to induce Phoenix to issue the Policy. At all times material

25  hereto, Defendants acted in furtherance of a common plan, scheme or design

26  intended to benefit them and profit from the scheme at Phoenix's expense.

27

28

12

COMPLAINT

1    49.    Defendants knew of their own concealment, and that of their co-
2  conspirators, regarding the lack of insurable interest and the fraudulent
3  misrepresentations made in connection with the Policy.   Further, each knew that
4  Phoenix would rely on these acts in determining whether to issue the Policy.
5  Defendants furthered this conspiracy by, among other things, concealing the lack of
6  insurable interest in the Policy and by providing false information on the Application
7  for the Policy and the SOCI and/or failing to correct the false information.

8    50.    Phoenix has incurred substantial damages as a result of Defendants'
9  wrongful conduct, including but not limited to, the payment of commissions and the
10  Policy's acquisition and maintenance costs.

11             **COUNT V: NEGLIGENT MISREPRESENTATION**
12                **(As to all Defendants, including Does 1–10)**

13    51.    Phoenix incorporates herein by reference each of its allegations
14  contained in Paragraphs 1–50 above.

15    52.    Defendants supplied false information to Phoenix in submitting the
16  Application for the Policy and the SOCI, which constituted a transaction in which
17  each Defendant had a pecuniary interest.   Further, Defendants owed a duty to
18  Phoenix and failed to exercise reasonable care in making the representations.
19  Additionally, or alternatively, Defendants made misrepresentations with conscious
20  disregard for their truth or falsity.

21    53.    Phoenix reasonably and justifiably relied on these misrepresentations
22  and suffered damages as a result.

23             **COUNT VI: BREACH OF CONTRACT**
24                    **(As to Giordano)**

25    54.    Phoenix incorporates herein by reference each of its allegations
26  contained in Paragraphs 1–53 above.

27
28

13

COMPLAINT

1    55.   At all times hereto, Phoenix and Giordano were parties to a contract.

2    56.   Giordano breached the Producer Contract by providing Phoenix false,

3 incomplete, and/or inaccurate answers in the Application, SOCI and associated

4 forms.  Further, Giordano breached the Producer Contract by delivering the Policy

5 knowing that the owner lacked an insurable interest, that the purpose of the

6 insurance was falsely stated, and that the source of funding for the Policy was falsely

7 represented.

8    57.   Phoenix has suffered damages as a direct and proximate result of

9 Giordano's breach of contract.

10   **VI.   RELIEF REQUESTED**

11   58.   WHEREFORE, due to the above-referenced fraudulent and/or material

12 misrepresentations, negligent misrepresentation, conspiracy, and breach of contract,

13 Phoenix demands judgment against The Britt-Marie Johnson Family Insurance Trust

14 by and through it Trustee Kasra Sadr and against Kristian Giordano as follows:

15   (a)   an order declaring and adjudging the Policy of life insurance bearing

16       Policy Number 97527973 to be null and void and rescinded, ab initio;

17   (b)   an order that Phoenix deposit with the Clerk of the Court all premiums

18       paid on the Policy along with the required interest, if any;

19   (c)   an order that that the Clerk of Court return to Phoenix all of the

20       premiums deposited with the Court or, alternatively, an order that the

21       Clerk of the Court pay to Phoenix from the premiums deposited an

22       amount equal to: 1) the commissions paid by Phoenix to Kristian

23       Giordano and/or other sales agents arising out of or relating to the sale

24       of the Policy; and 2) any damages incurred by Phoenix as a result of the

25       Policy's issuance and subsequent investigation, including attorneys'

26       fees and expenses;

27

28
14
COMPLAINT

1     (d)    an order awarding cost of suit and reasonable attorneys' fees pursuant
2                to the Federal Declaratory Judgment Statute;
3     (e)    all actual damages to which Phoenix may be entitled;
4     (f)    punitive damages due to Defendants' intentional fraud;
5     (g)    reasonable and necessary attorneys' fees and other costs incurred in this
6                action;
7     (h)    pre-judgment and post-judgment interest at the maximum lawful rate;
8     (i)    costs of court; and
9     (j)    such other and further relief as the Court deems equitable and just to
10               Phoenix.

11 Dated: March 31, 2010           HAYNES AND BOONE, LLP

12

13                         By:                              
                            KENNETH G. PARKER

14

15                             THOMAS F. A. HETHERINGTON
                            COURTNEY L. SCANTLIN
16                             JARRETT E. GANER
                            EDISON, McDOWELL &
17                             HETHERINGTON LLP

18                             Attorneys for Plaintiff
                            PHL VARIABLE INSURANCE CO.

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 2370 GAF (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Kenneth G. Parker (SBN 182911)
HAYNES AND BOONE, LLP
18100 Von Karman Ave., Suite 750
Irvine, California 92612
Tel: 949.202.3014   Fax: 949.202.3114

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHL VARIABLE INSURANCE CO.,<br><br>PLAINTIFF(S)<br><br>v.<br><br>KRISTIAN GIORDANO; and THE BRITT-MARIE JOHNSON FAMILY INSURANCE TRUST, by and through its trustee, KASRA SADR, and DOES 1–10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 2370 GAF PLAx<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _____Kenneth G. Parker_____, whose address is __Haynes and Boone, LLP, 18100 Von Karman Ave., Suite 750, Irvine, CA 92612__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___3/31/10___

By: CHRISTOPHER POWERS _____

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

CONFORMED COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PHL Variable Insurance Co.

**DEFENDANTS**
KRISTIAN GIORDANO; and THE BRITT-MARIE JOHNSON FAMILY INSURANCE TRUST, by and through its trustee, KASRA SADR

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Kenneth G. Parker (SBN 182911)
HAYNES AND BOONE, LLP
18100 Von Karman Ave., Suite 750, Irvine, CA 92612; (949) 202-3000

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332 Declaratory Judgment/Rescission due to material misrepresentations; amount in controversy exceeds $75,000

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

CV10 2370

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s):  n/a

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | PHL VARIABLE INSURANCE CO. - Connecticut |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| KRISTIAN GIORDANO; and THE BRITT-MARIE JOHNSON FAMILY INSURANCE TRUST, by and through its trustee, KASRA SADR - Riverside County |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Claims - Riverside |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date March 31, 2010

   Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |