KENNETH G. PARKER (SBN 182911)
  kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
18100 Von Karman Avenue, Suite 750
Irvine, California 92612
Telephone:  (949) 202-3014
Facsimile:   (949) 202-3114

THOMAS F.A. HETHERINGTON*
  tom.hetherington@emhllp.com
JARRETT E. GANER*
  jarrett.ganer@emhllp.com
COURTNEY L. SCANTLIN*
  courtney.scantlin@emhllp.com
EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* Admitted *pro hac vice*

Attorneys for
PHL VARIABLE INSURANCE CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PHL VARIABLE INSURANCE CO., | Case No. 2:10-cv-02370-VBF-MAN |
|---|---|
| Plaintiff, | **PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |
| v. | |
| KRISTIAN GIORDANO; and THE BRITT-MARIE JOHNSON FAMILY INSURANCE TRUST, by and through its trustee, KASRA SADR, and DOES 1-100, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation"), filed on December 28, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court except to the extent, as set forth below, that

1

**Protective Order**

those terms have been modified by the Court's amendment of Paragraphs 7, 8, 9, 10, 11, 18, 19, 20, 24, and 25 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, is wholly insufficient to warrant a filing under seal.

**There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases**. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, does not — without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## TERMS OF PROTECTIVE ORDER

1. The following Protective Order ("Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and any non-parties to this action (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

2. Any party or non-party who provides or has provided information or material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Order if the Producing Party believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Order ("Confidential Discovery Material").

3. For purposes of this Order, information considered to be Confidential Discovery Material includes all non-public material, including responses to discovery requests and interrogatories and testimony adduced at deposition, containing information related to: information concerning the internal governance of the parties to this litigation; financial or business plans or

projections; trade secrets or other commercially sensitive business or technical information; non-public billing information such as invoices; personal financial or medical information; or privileged, proprietary, or any other information a Producing Party believes to be commercially-sensitive or personal financial or medical information.

      4. The designation by any Producing Party of Discovery Material as "Confidential" shall be made only after review by an attorney for the designating party based on a good faith belief that there is a valid basis for such designation.

      5. Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation to, any other lawsuit, or any other business or commercial purpose.

      6. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Producing Party:

      a. in the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document promptly after such document has been produced, with the effect that such document is subject to the protections of this Order; and

      b. in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all parties within ten (10) days after the receipt of the transcript of the deposition or other pretrial testimony,

provided that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. All depositions will be treated as Confidential until the expiration of the ten (10) day period. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or in writing, without further order of the Court.

7. Except as specifically provided for in this or subsequent Court orders, Discovery Material designated "Confidential," or its contents, shall not be revealed, disclosed, or otherwise made known to persons, directly or indirectly, other than the following:

a. the parties to the Litigation, including the parties' officers, directors, managers, and employees (including in-house counsel), who are necessary to assist counsel for the parties in the conduct of the Litigation for use in accordance with this Order;

b. experts or consultants who are not officers, directors, managers or employees of any party and who are necessary to assist outside counsel of record in the conduct of this Litigation and who sign the undertaking attached as Exhibit A;

c. counsel of record for the parties that have appeared in the Litigation, employees, contractors, and vendors of such counsel assisting in the conduct of the action for use in accordance with the terms of this Order;

d. trial or deposition witnesses;

e. court reporters employed in connection with this Litigation; and

f. the Court, Court personnel, **and jurors**.

8. Every person **described in Paragraph 7(a)-(e) above, who is** given access to Confidential Discovery Material or information contained therein, shall be advised that the information is being disclosed pursuant and subject to the

terms of this Order and may not be disclosed other than pursuant to the terms thereof.

9. **Confidential Discovery Material of any nature that is to be filed with the Court, including briefs that reference documents, information, or things designated as "Confidential," shall be submitted for filing under seal in accordance with the requirements of Local Civil Rule 79-5.1.**

10. **[ELIMINATED BY THE COURT]**

11. **Any party to the Litigation who objects to the restriction of public access to any document submitted for filing under seal shall give prompt written notice of his or her objection to the Producing Party and the Court. To the extent that the Producing Party continues to seek a restriction of public access to documents filed with the Court, that party bears the burden of establishing that, in connection with non-dispositive motions, "good cause" exists and, in connection with dispositive motions or trial, that "compelling reasons" exist for filing the document under seal.**

12. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

   a. operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

   b. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

   c. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

   d. prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

   e. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

   f. prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

   g. be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

  13. This Order has no effect upon, and shall not apply to, the parties' use of their own respective Confidential Discovery Material for any purpose. Nothing herein shall: (i) prevent a party from disclosing Confidential Discovery Material or other information to officers, directors, or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as "Confidential" obtained lawfully by such party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

  14. If a party in possession of confidential information receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of such confidential information, that party shall

give written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process; such notice shall identify the confidential information sought and enclose a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the confidential information called for prior to receiving a court order or the consent of the Producing Party.  In the event that such Discovery Material containing confidential information is produced to the non-party, such material shall still be treated by the parties to this action in accordance with the designation as Confidential by the parties to this Order.

15. Inadvertent failure to designate materials as Confidential Discovery Material at the time of production may be supplemented by written notice given by the Producing Party.  Upon receipt of such notification, all documents, materials, or testimony so designated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation.  Notwithstanding the foregoing, no party may designate materials under the Order later than ninety (90) days after the materials were produced to an opposing party pursuant to this Order.

16. In the event a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once notice of the inconsistent designation is provided by the Producing Party.  The Producing Party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Order receives such inconsistently designated information, and has actual

knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

17. In the event that a Producing Party inadvertently produces to any other party any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the Producing Party by giving written notice to all parties to whom the Producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Upon receipt of such notice, all parties or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to the Producing Party or destroy the materials. The terms of this paragraph shall not be deemed a waiver of a party's right to challenge the Producing Party's designation of materials as privileged (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. No party shall use any inadvertently produced privileged materials, or information gleaned from any inadvertently produced privileged materials, in connection with this Litigation or any related actions. Any party returning material to a Producing Party pursuant to this paragraph may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order that the Producing Party waived any privilege because of the inadvertent production.

18. Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Order **or another Court order**. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order **or another Court order**, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such materials and to prevent further disclosure by it or by the person who received such information.

19. **[ELIMINATED BY THE COURT]**

20. **Later-joined parties to this Litigation and non-parties who produce documents pursuant to this Order shall have the benefit of this Order, and shall be entitled to enforce its terms, if they agree in writing to be fully bound hereby. At the request of any party, such an agreement to be bound by this Order shall be filed with the Court.**

21. The parties agree to be bound by the terms of this Order pending the entry of this Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order has been entered by the Court.

22. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

23. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such

material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or destroy all such Confidential Discovery Material and certify that fact.  However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party.

24. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection, **promptly** present the dispute to the Court.  The Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Order **pending resolution of the dispute**.  The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.  The burden of establishing confidentiality rests with the Producing Party.

25. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, counsel shall confer on such procedures as are necessary or desired to protect the confidentiality of any documents, information, and transcripts to be used in the course of any court proceeding.  **Counsel shall present any motion, application, or request for confidential treatment of any documents, information, and transcripts to be used in the course of any court proceeding to the Court promptly and in advance of such proceeding.**

///

///

///

1    26. Each of the parties hereto shall be entitled to seek modification
2  of this Order by application to the Court on notice to the other parties hereto.
3  Nothing in this Order shall preclude any party from seeking judicial relief, upon
4  notice to the other parties, with regard to any provision hereof.

**IT IS SO ORDERED.**

Dated:  February 17, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**Protective Order**

KENNETH G. PARKER (SBN 182911)
  kenneth.parker@haynesboone.com
HAYNES AND BOONE, LLP
18100 Von Karman Avenue, Suite 750
Irvine, California 92612
Telephone:  (949) 202-3014
Facsimile:   (949) 202-3114

THOMAS F.A. HETHERINGTON*
  tom.hetherington@emhllp.com
JARRETT E. GANER*
  jarrett.ganer@emhllp.com
COURTNEY L. SCANTLIN*
  courtney.scantlin@emhllp.com
EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* Admitted *pro hac vice*

Attorneys for
PHL VARIABLE INSURANCE CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PHL VARIABLE INSURANCE CO., | Case No. 2:10-cv-02370-VBF-MAN |
|---|---|
| Plaintiff, | |
| v. | |
| KRISTIAN GIORDANO; and THE BRITT-MARIE JOHNSON FAMILY INSURANCE TRUST, by and through its trustee, KASRA SADR, and DOES 1-100, | **EXHIBIT A TO PROTECTIVE ORDER** |
| Defendants. | |

I have read the Stipulation and Protective Order entered in this case.  I agree and understand that:  (a) all Confidential Material disclosed to me in this case is

14

**Protective Order**

1  pursuant to and subject to the terms of this Stipulation and Order and may not be
2  disclosed or used other than pursuant to the terms thereof, and (b) that the violation
3  of the terms of the Stipulation and Order (by use of the Confidential Material in
4  any impermissible manner) may subject me to punishment for contempt of a Court
5  Order.
6      I agree to be bound by the Stipulation and Order, and I consent to the
7  jurisdiction of the above-captioned Court for purposes of the enforcement of the
8  Stipulation and Order.

10  Executed this _____ day of _____ [month], _____ [year], in
11  _____ [city], _____ [state].

14  By:_____

**Protective Order**