```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                      CIVIL MINUTES -- GENERAL
```

Case No.   **CV 10-2370-VBF(MANx)**                    Dated: **May 9, 2011**

Title:     PHL Variable Insurance Co. -v- Kristian Giordano, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Joseph Remigio                          None Present
      Courtroom Deputy                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

      None Present                            None Present

**PROCEEDINGS (IN CHAMBERS):**   **COURT ORDER RE BRITT-MARIE JOHNSON TRUST'S MOTION FOR SUMMARY JUDGMENT (DKT. 53); DEFENDANT KRISTIAN GIORDANO'S MOTION FOR SUMMARY JUDGMENT (Dkt. 48)**

     Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. **The hearing set on these Motions for May 16, 2011 at 1:30 p.m. is hereby vacated and the matters are taken off calendar.**

**I.    Britt-Marie Johnson Trust's Motion For Summary Judgment (Dkt. 53)**

     The Court has received, read, and considered Britt-Marie Johnson Trust's (the "Trust") Motion For Summary Judgment ("Trust's Motion") (Dkts. 53, 54), Plaintiff PHL Variable Insurance Co.'s ("PHL") Opposition (Dkt. 78), and related papers.[1]

---

[1] The Court does not consider the Trust's Reply (dkt. 93) and related papers (dkts. 91, 92, 94, 95). *See* L.R. 7-12. The Reply and related papers were due no later than May 2, 2011 but were not filed until May 5, 2011. *See* Dkt. 59; L.R. 7-10.

MINUTES FORM 90                          Initials of Deputy Clerk   jre
CIVIL - GEN

The Trust moves for summary judgment on all five counts in the Complaint. Fed. R. Civ. P. 56(a) provides that a party may move for summary judgment as to a claim or part of a claim, and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

For the reasons stated below, the Court hereby DENIES the Trust's Motion (dkt. 53) in its entirety. Specifically:

    (1) The Court hereby DENIES the Trust's Motion as to Count I. The Trust does not meet its burden to show, as a matter of law, that the Complaint was filed outside of the two-year contestability period;

    (2) The Court hereby DENIES the Trust's Motion as to Count II. Fact issues exist as to whether the Johnson Policy was procured through unlawful STOLI practices that might render the Johnson Policy void;

    (3) The Court hereby DENIES the Trust's Motion as to Counts III, IV, and V. The Trust's Motion relies on the Court's granting the Motion as to Counts I and II, and therefore fails in light of the Court's above rulings.

**A.  Background**

The Johnson Trust applied for an insurance policy on the life of Britt-Marie Johnson with an issue date of March 31, 2008 ("Johnson Policy"). The named beneficiaries of the Johnson Trust are Ms. Johnson's husband and children. However, Plaintiff PHL contends that the Johnson Policy was actually obtained for the benefit of Imperial Premium Finance, LLC and/or Imperial Finance & Trading, LLC (collectively "Imperial") as part of a "Stranger Originated Life insurance" ("STOLI") scheme.

According to PHL, Imperial loaned the Trust the money to pay the premiums on the Johnson Policy so that the Trust would surrender the Johnson Policy to Imperial upon failing to repay the loan. Under the terms of the arrangement between the Trust and Imperial, the Trust is essentially provided with two years of "free" insurance. However, it is essentially guaranteed that unless Johnson dies or has a substantial change in health in the next two years, Imperial will become the owner of the Policy because the terms of the agreement between the Trust and Imperial are such that it would be financially unreasonable for the Trust to do anything but surrender the Johnson Policy to PHL at the end of the two-year period.

**B. Analysis**

    **1. Count I (Declaratory Judgment: Rescission Due to Material Misrepresentation)**

The Trust contends that PHL's claims of rescission due to misrepresentation in Count I are barred as a matter of law by the expiration of the contestability period. The Motion is denied as it is not sufficiently supported.

Cal. Ins. Code § 10113.5 mandates that incontestability clauses be included in all individual life insurance policies. "After the premiums have been paid and the insured has survived for two years, the insurance company may not contest coverage even if the insured committed fraud in applying for the policy." *Amex Life Assurance Co. v. Sup. Ct.*, 14 Cal. 4th 1231, 1233 (1997).

The Johnson Policy provides that the "policy shall be incontestable after it has been in force during the Insured's lifetime for two years from the Issue Date, except for fraud . . . ." Johnson Policy p. 18 (Section 21). The Trust contends that the exception for fraud is not enforceable, and PHL does not contest this assertion. *See Amex Life*, 14 Cal. 4th at 1237 (listing cases under California law supporting proposition that an incontestability clause prevents a policy contest on grounds the policy was procured by fraud). Thus, the issue to be determined is whether this action was filed within the contestability period.

It is undisputed that the Issue Date of the Johnson Policy was March 31, 2008 and that the Complaint in this action was filed on March 31, 2010. *See* Johnson Policy p. 1; Dkt. 1.

The Trust contends that the contestability period ran from March 31, 2008 and, by March 30, 2010, the policy "ha[d] been in force during the Insured's lifetime for two years from the Issue Date." The Trust also contends that this interpretation is consistent with another section of the Johnson Policy, defining "Policy Year" such that the second "Policy Year" ended on March 30, 2010. The Court is not persuaded.

PHL's computation of time -- whereby the Johnson Policy is not incontestable until *after* the expiration of March 31, 2010 -- comports more closely with the text of the Johnson Policy and California law. Cal. Code of Civ. P. § 12, entitled "Computation of time," provides that "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last . . . ." Cal. Ins. Code §

| MINUTES FORM 90 | Initials of Deputy Clerk    jre    |
|---|---|
| CIVIL - GEN | |

10113.5 provides that a policy is "incontestable after it has been in force, during the lifetime of the insured, for a period of not more than two years after its date of issue."  Thus, the last day to act to contest the Johnson Policy is two years from March 31, 2008 calculated by excluding the first day and including the last, i.e., March 31, 2010. The decisions before the Court in which California courts have made statements regarding the expiration of contestability periods support the reading that the contestability period at issue here ends on the second anniversary of the same calendar date.  *See United Fidelity Life Ins. Co. v. Emert*, 49 Cal. App. 4th 941, 944 (1996) (noting that "contestable period had expired on November 24, 1992" for a policy issued on November 24, 1990); *O'Riordan v. Federal Kember Life Assurance*, 36 Cal. 4th 281, 285 (2005) (where policy had a June 28, 1996 issue date, the court stated that June 26, 1998 was "two days before the policy's two-year contestability period expired.").

In sum, the Trust does not meet its burden to show, as a matter of law, that the Complaint was filed outside of the two-year contestability period, and the Court DENIES the Trust's Motion as to Count I.

> **2.   Count II (Declaratory Judgment: Rescission – Lack of Insurable Interest)**

The Trust contends that PHL's claims of rescission due to lack of an insurable interest in Count II fail as a matter of law.  The Court disagrees.

The California Insurance Code defines insurable interest as "an interest based upon a reasonable expectation of pecuniary advantage through the continued life, health, or bodily safety of another person and consequent loss by reason of that person's death . . . or a substantial interest engendered by love and affection in the case of individuals closely related by blood or law."  Cal. Ins. Code § 10110.1(a).  The code further provides that "[a]n individual has an unlimited insurable interest in his or her own life . . . and may lawfully take out a policy of insurance on his or her own life . . . and have the policy made payable to whomsoever he or she pleases, regardless of whether the beneficiary designated has an insurable interest."  Cal. Ins. Code § 10110.1(b).

California law requires an insurable interest to exist "at the time the contract of life . . . insurance becomes effective, but need not exist at the time the loss occurs."  Cal. Ins. Code § 10110.1(f); *see also* Cal. Ins. Code § 286 ("[A]n interest in the life or health of a person insured must exist when the insurance takes effect, but need not

| MINUTES FORM 90 | Initials of Deputy Clerk ___jre___ |
|---|---|
| CIVIL - GEN | |

exist thereafter or when the loss occurs."). "If the insured has no insurable interest, the contract is void." Cal. Ins. Code. § 280.

"Any device, scheme, or artifice designed to give the appearance of an insurable interest where there is no legitimate insurable interest violates the insurable interest laws." Cal. Ins. Code § 1011.1(e). The code defines "Stranger-originated life insurance" or "STOLI" as "an act, practice, or arrangement to initiate the issuance of a life insurance policy in this state for the benefit of a third-party investor who, at the time of policy origination, has no insurable interest, under the laws of this state, in the life of the insured." Cal. Ins. Code § 10113.1(w). "STOLI practices include, but are not limited to, cases in which life insurance is purchased with resources or guarantees from or through a person or entity, that, at the time of policy inception, could not lawfully initiate the policy himself, herself, or itself, and where, at the time of inception, there is an arrangement or agreement, to directly or indirectly transfer the ownership of the policy or the policy benefits to a third party. Trusts that are created to give the appearance of insurable interest and that are used to initiate policies for investors violate insurable interest laws and the prohibition against wagering on life." *Id.*

The Trust contends that it had an insurable interest in the Johnson Policy at the time the contract took effect (and ever since) because the Trust was created by Ms. Johnson and the beneficiaries of the trust were (and have since been) members of Ms. Johnson's immediate family: her husband and children. Sadr. Decl. ¶¶ 4, 10. Thus, the Trust contends, the ultimate beneficiaries of the death benefits that would be payable upon Ms. Johnson's passing are persons "closely related by blood or law" and therefore have the requisite insurable interest. Cal. Ins. Code § 10110.1(a). In addition, the Trust contends, the Imperial financing agreement was not completed until after the Johnson Policy was issued, and thus is irrelevant to whether an insurable interest existed at the time the Johnson Policy took effect.

However, this Court finds that there are genuine issues of material fact as to whether the Johnson Policy had an insurable interest at its inception, or whether the Johnson Policy was procured through STOLI practices that violate the insurable interest laws and the prohibition against wagering on life. For example, there is evidence that third-party investor Imperial financed the premiums for the Johnson Policy, contrary to the representations made during the application process, and on terms that virtually assured the Policy would be transferred to Imperial. *See, e.g.,* O'Reilly Decl. Ex. C-1 (November 29, 2007 e-mail from PRG financial Resources to Imperial discussing Imperial's "pricing"

of Johnson, months before submission of the application to PHL); Ex. C-2 (Jan. 14, 2008 email discussing PRG Financial Resources sending Johnson's personal information to Imperial); Ex. C-3 (January 25, 2008 Premium Financing Indication of Interest from Imperial); Exs. C-5 and C-6 (showing loan for $132,500 at a 12.81% variable interest rate and fees of over $50,000 payable to Imperial, secured by the Johnson Policy). Thus, there is a triable issue of fact as to whether the policy was procured for the benefit of Imperial, an entity without an insurable interest. *See* NO. CV 10-4241 ODW (MANx)*,* 2010 WL 4916643, *3, (C.D. Cal. Dec. 1, 2010) (policy found likely to be STOLI where policy initiated for the benefit of a party without insurable interest).

The Court finds *Lincoln Nat. Life Ins. Co. v. Gordon R.A. Fishman Irrevocable Life Trust*, 638 F. Supp. 2d 1170 (C.D. Cal. 2009) to be unpersuasive. Here, there is evidence that the Trust misrepresented the source of funding for the Johnson Policy, there is insufficient evidence to find it undisputed that the Johnson Policy was initiated for legitimate estate planning needs, and the power of the supposed beneficiaries of the Johnson Policy was stripped by an April 8, 2008 amendment to the Britt-Marie Johnson Family Insurance Trust. *See* O'Reilly Decl. Ex. C-12.

In sum, the Court finds that fact issues exist as to whether the Johnson Policy was procured through unlawful STOLI practices that might render the Johnson Policy void. *See* Cal. Ins. Code §§ 10110.1(e); 10113.1(w). As such, the Trust fails to meet its burden to show that the undisputed facts entitle it to judgment as a matter of law on Count II in the Complaint.

### 3. Counts III (Fraud), IV (Civil Conspiracy), and V (Negligent Misrepresentation)

PHL contends that Counts III (fraud), IV (civil conspiracy) and V (negligent misrepresentation) should also be dismissed because PHL is barred from rescinding the Johnson Policy and because the Johnson Policy had an insurable interest at inception. In light of the Court's denial of the Trust's Motion as to Counts I and II, the Court finds that the Trust fails to meet its burden to obtain partial summary judgment on Counts III, IV, and V.

### 4. Evidentiary Objections

In light of this Court's ruling denying the Trust's Motion, the Court need not rule on the evidentiary objections (dkt. 80) submitted by PHL.

MINUTES FORM 90                                    Initials of Deputy Clerk ___jre___
CIVIL - GEN

**II.   Defendant Kristian Giordano's Motion For Summary Judgment (Dkt. 48)**

The Court has received, read, and considered Defendant Kristian Giordano's Motion For Summary Judgment ("Giordano's Motion") (Dkt. 48), PHL's Opposition (Dkt. 64), and related papers.

Defendant Giordano moves for summary judgment on the ground that Section 10113.5(a) of the California Insurance Code mandates that a life insurance policy is incontestable after two years, and that PHL's complaint was not timely filed. This is the same theory advanced in the Trust's Motion, and considered and rejected by the Court in Section I.B.1.

For the reasons stated in Section I.B.1., the Court hereby DENIES Giordano's Motion in its entirety.